**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANTHONY RUCANO,

**Plaintiff,**

v.                                                                                    **9:12-CV-0035**
                                                                                     **(MAD/RFT)**

CARL J. KOENIGSMANN, et al.,

**Defendants.**

---

APPEARANCES:                            OF COUNSEL:

**ANTHONY RUCANO**
**11-A-0528**
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929
Plaintiff *pro se*

**HON. ERIC T. SCHNEIDERMAN**            **CHRISTOPHER W. HALL, AAG**
New York State Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**MAE A. D'AGOSTINO**
**United States District Judge**

**DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff Anthony Rucano commenced this action *pro se* pursuant to 42 U.S.C. § 1983. *See*

Dkt. No. 1. The second amended complaint, which is the operative pleading, alleges that Defendants

were deliberately indifferent to his serious dental needs at Clinton Correctional Facility ("Clinton

C.F.") in violation of his Eighth Amendment rights. *See* Dkt. No. 60. Presently before the Court is

Plaintiff's motion for preliminary injunctive relief.[1]  Dkt. No. 49.  Defendants have responded in

opposition to the motion for preliminary injunctive relief.  Dkt. No. 51.


## II. DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be

granted unless the movant, by a clear showing, carries the burden of persuasion.'"  *Moore v. Consol.*

*Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520

U.S. 968, 972 (1997)).  The standard a court must utilize in considering whether to grant a request for

injunctive relief is well-settled in this Circuit.  *Citigroup Global Mkts., Inc. v. VCG Special*

*Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010).  To prevail on a motion for

preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial

likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits

and a balance of hardships tipping decidedly in his favor.  *Id.* at 35; *Cacchillo v. Insmed, Inc.*, 638 F.3d

401, 405-06 (2d Cir. 2011).  However, when the moving party seeks a "mandatory injunction that

alters the status quo by commanding a positive act," the burden is even higher.  *Id.*; *see also Jolly v.*

*Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).  Thus, a mandatory preliminary injunction "should issue

only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or

very serious damage will result from a denial of preliminary relief."[2]  *Citigroup Global Mkts.*, 598 F.3d

---

[1] Plaintiff has filed a motion to appoint an expert witness. Dkt. No. 57. Defendants have filed a motion to dismiss the second amended complaint. Dkt. No. 64. Those motions will be addressed by separate order(s).

[2] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In

(continued...)

at 35 n.4 (internal quotation marks omitted).  The same standards used to review a request for a

preliminary injunction govern consideration of an application for a temporary restraining order.  *Local*

*1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d

Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, *2 (E.D.N.Y. July 31, 2008).  The

district court has wide discretion in determining whether to grant a preliminary injunction.  *Moore*, 409

F.3d at 511.

> "The Second Circuit has defined 'irreparable harm' as 'certain and imminent harm for which a

monetary award does not adequately compensate,' noting that 'only harm shown to be

non-compensable in terms of money damages provides the basis for awarding injunctive relief.'"

*Perri*, 2008 WL 2944642, at * 2 (quoting *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co.,*

*Ltd.*, 339 F.3d 101, 113-14 (2d Cir. 2003)); *see also Kamerling v. Massanari*, 295 F.3d 206, 214 (2d

Cir. 2002) ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that

there is a continuing harm which cannot be adequately redressed by final relief on the merits and for

which money damages cannot provide adequate compensation" (internal quotation omitted)).

Speculative, remote or future injury is not the province of injunctive relief.  *Los Angeles v. Lyons*, 461

U.S. 95, 111-12 (1983); *see also Hooks v. Howard*, No. 9:07-CV-0724 (RFT), 2008 WL 2705371, *2

(N.D.N.Y. July 3, 2008) ("Irreparable harm must be shown to be imminent, not remote or speculative,

and the injury must be such that it cannot be fully remedied by monetary damages").

> Plaintiff requests a court order directing the Defendants "to provide an Immediate Evaluation

and Treatment Plan, and to provide treatment in accordance with that plan by a Licensed Periodontist

---

[2](...continued)
considering an application for prospective relief, the court is required to give substantial weight to any
adverse impact such relief may have on public safety or on the operation of the criminal justice system.
*See* 18 U.S.C. § 3626(a)(1)(A).

and Dentist not employed by the defendants, to provide treatment deemed necessary to prevent further

degeneration and bone loss, and to prevent loss of teeth proscribed restorable." Dkt. No. 49 at 4.  In

support of his motion, Plaintiff alleges the following.  Prior to his incarceration on February 5, 2011,

he was under the care of a licensed Periodontist and Dentist "who proscribed a course of treatment

designed to arrest the advancement of Advanced Adult Chronic Periodontal Disease and to restore

multiple teeth with caries."  *Id.* at 2-3.  Plaintiff alleges that since his incarceration, he has received

"substandard and inadequate care for his Periodontal Disease" and no steps have been taken to save his

teeth, as previously prescribed by his outside Dentist.  *Id.* at 3; Dkt. No. 49-2 at 1-2.  Plaintiff alleges

that he has no adequate remedy at law because, by the time this litigation is complete, he will suffer

"irreversable [*sic*] bone loss causing [his] natural teeth to fall out [and] defendants would allow him to

lose his natural teeth without reason or cause."  Dkt. No. 49 at 3.  Plaintiff states that he received

dental care at Clinton C.F. from Dr. Oliveira beginning on October 4, 2011, and had follow-up visits

with Dr. Oliveira on November 18, 2011, and December 23, 2011.  Dkt. No. 49-1 at 3.  Plaintiff told

Dr. Oliveira that he "had partially completed crowns with temporary fillings that needed to be

completed." Dkt. No. 49-2 at 2.  Dr. Oliveira gave Plaintiff a copy of the Health Services Policy

Manual and "explained that [Plaintiff] could get [his] own dentist" but that Dr. Oliveira would not

complete the work on Plaintiff's crowns.  *Id.*  Plaintiff wrote to Facility Dental Director Farooki in

April, 2012, complaining that Dr. Oliveira had performed "improper root planing" during plaintiff's

December, 2011 visit and failed to address pain in Plaintiff's tooth, and requested that Plaintiff be

assigned a different dentist.  Dkt. No. 49-1 at 3.

On May 11, 2012, Plaintiff had an appointment with Dr. Kullman.  *Id.* at 3-4.  Plaintiff

requested crowns for three teeth that had temporary fillings, but was told by Dr. Kullman that "it was

not necessary to have crowns now." Dkt. No. 49-2 at 4-5.  On June 12, 2012, Plaintiff received a complete set of x-rays "but no treatment for the cavity, periodontal disease or crowns." *Id.* at 5.  On June 14, 2013, Dr. Oliveira sent Plaintiff a letter indicating that Plaintiff had "Generalized Advanced Chronic Adult Periodontal Disease" and that two of his teeth need root canals and crowns, but also stated that the Department of Corrections and Community Supervision ("DOCCS") "does not provide offenders with root canals in Posterior teeth." *Id.*  Dr. Oliveira also stated that Plaintiff would have to follow DOCCS regulations "in order to hire and bring a Periodontal specialist in to the facility to treat [his periodontal] disease [because] DOCCS does not provide offenders with Periodontal surgery." *Id.* at 9.

On October 26, 2012, Plaintiff had an appointment with the dental clinic, but the dentist did not look at Plaintiff's x-rays, treat Plaintiff's painful tooth, or "perform periodontal root scaling and planing that Dr. Kullman himself recorded the plaintiff needed." *Id.* at 5.  Plaintiff put in sick call slips in November and December, 2012, saying he needed dental treatment; he also wrote to Facility Dental Director Farooki, who told Plaintiff that he was on the list to be seen by a dentist but that it was a "[l]ong list, long wait." *Id.* at 6.  Plaintiff was scheduled for a dental call-out on March 19, 2013, but it was cancelled.  *Id.*  In addition to arguing that his dental care has been inadequate, Plaintiff claims that DOCCS' dental policies are unconstitutional.  Dkt. No. 49-2 at 6-18.  In support of this argument, Plaintiff compares DOCCS' dental policies to dental policies set forth in the New York State Medicaid Program Dental Policy and Procedure Manual, which he states "is the guideline for the general Community for N.Y. State."[3]  *Id.* at 6-18.

---

[3] Plaintiff asserts that the comparison is appropriate because the underpinnings of the Medicaid program – to make appropriate dental services accessible to the poor of a quality that is provided to the community at large – is similar to the stated policy of DOCCS to provide dental care to inmates of a

(continued...)

Defendants oppose Plaintiff's motion arguing that Plaintiff has not met the higher burden required for the issuance of mandatory injunctive relief.  Dkt. No. 51.

Construing Plaintiff's motion for preliminary injunctive relief liberally, Plaintiff alleges that Defendants have been deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.  Since an alleged violation of a constitutional right "triggers a finding of irreparable harm," the Court will assume for purposes of this motion only that Plaintiff has alleged irreparable harm.  *Jolly*, 76 F.3d at 482; *see also Statharos v. New York City Taxi and Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999) ("Because plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary").  Plaintiff's request for preliminary injunctive relief is nonetheless denied for the reasons that follow.

The gravamen of Plaintiff's request for preliminary injunctive relief is his alleged urgent need for specific dental or periodontal treatment.  Plaintiff's request for relief is mandatory in nature, *i.e.*, he seeks an injunction requiring DOCCS to provide a specific form of dental treatment; and, therefore, the more stringent standard of a clear likelihood of success applies.  Plaintiff has, at this stage, failed to satisfy this burden.  Plaintiff has failed to introduce sufficient evidence of conduct on the part of the Defendants which rises to the level of deliberate indifference to his serious dental needs; instead his request for relief is supported by his allegations set forth in the second amended complaint and his motion.[4]  Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary

_____

[3](...continued)
quality that can be reasonably provided to other persons similarly situated in the general community who are not confined to a correctional facility.  Dkt. No. 49-2 at 6-7.

   [4] Although the Court has denied Plaintiff's motion for preliminary injunctive relief because Plaintiff has not met his burden to entitle him to such relief, the Court makes no finding at this time regarding the ultimate merits of his claims.

6

injunctive relief.  *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995)

("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction");

*Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive

relief cannot rest on mere hypotheticals").

 Moreover, to the extent that Plaintiff is questioning, or disagrees with, the type of dental care

that he is receiving from DOCCS, absent clear and convincing evidence to the contrary, the Court is

not inclined to second guess the judgments made by medical professionals.  *See Mendoza v. McGinnis*,

No. 9:05-CV-1124 (TJM/DEP), 2008 WL 4239760, *11 (N.D.N.Y. Sept. 11, 2008) ("Determinations

made by medical providers within their discretion are given a 'presumption of correctness' when it

concerns the care and safety of patients"); *see also Wheeler-Whichard v. Canfield*, No. 10-CV-0358,

2011 WL 1225564, *2 (W.D.N.Y. Mar. 24, 2011) (denying motion for reconsideration on prisoner's

motion for temporary restraining order and preliminary injunction where he failed to demonstrate

entitlement to such relief because his allegations were primarily based on his disagreement with the

scope and type of medical care and treatment he has received).[5]

 After thoroughly considering Plaintiff's motion, the Court finds that Plaintiff has failed to meet

the burden required for issuance of the preliminary injunctive relief requested.  Plaintiff's motion for

preliminary injunctive relief (Dkt. No. 49) is denied in its entirety.[6]

---

 [5] "[M]ere disagreement over the proper treatment does not create a constitutional claim."
*Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).  "So long as the treatment given is adequate,
the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment
violation."  *Id.*

 [6] Plaintiff also seeks a "Subpoena Duces Tecum [to be served] upon the Plaintiff[']s previous
Periodontist and Dentist to produce his Dental Treatment Records for use by the Periodontist and
Dentist" that he hopes to have appointed by the Court after this pending motion is addressed.  Dkt. No.
49-2 at 17.  Since Plaintiff's motion for preliminary injunctive relief has been denied, this portion of
(continued...)

### III. CONCLUSION

**WHEREFORE**, the Court hereby

**ORDERS** that Plaintiff's motion for preliminary injunctive relief (Dkt. No. 49) is **DENIED**; and the Court further

**ORDERS** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: October 11, 2013
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[6](...continued)
his motion is also denied.

8