**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ANTHONY RUCANO,**

         **Plaintiff,**

 **vs.**               **9:12-cv-00035
                     (MAD/RFT)**

**CARL J. KOENIGSMANN,** *et al.***,**

         **Defendants.**
_____

**APPEARANCES:**          **OF COUNSEL:**

**ANTHONY RUCANO**
11-A-0528
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**     **CHRISTOPHER W. HALL, AAG**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendants


**Mae A. D'Agostino, U.S. District Judge:**
               **ORDER**

   Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Eighth Amendment of the United States Constitution. *See* Dkt. No. 60. Plaintiff's claims arise out of Defendants' alleged failure to provide Plaintiff with adequate dental care.

   In his second amended complaint, Plaintiff contends, among other things, that Defendant Oliveira violated his Eighth Amendment rights by refusing to provide him with three crowns,

improperly performing a root planing procedure, and delaying root planing treatments. Further, Plaintiff alleges that Defendant Kullman failed to treat his cavity and also delayed root planing treatments. *Id.* Currently pending before the Court is Defendant's motion to dismiss. *See* Dkt. No. 64.

In a March 3, 2014 Report-Recommendation and Order, Magistrate Judge Randolph F. Treece recommended that the Court (1) grant Defendants' motion to dismiss as to Plaintiff's supervisory liability claims against Defendants Bellamy, LaValley, and Fischer; (2) grant Defendants' motion to dismiss as to Plaintiff's state law negligence and medical malpractice claims; (3) deny Defendants' motion to dismiss as to Plaintiff's Eighth Amendment claims against Defendants Oliveira and Kullman; and (4) deny Defendants' motion to dismiss as to Plaintiff's supervisory liability claims against Defendant Koenigsmann. *See* Dkt. No. 75. None of the parties objected to the Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See*

2

*Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority.  *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the March 3, 2014 Report-Recommendation and Order, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Treece correctly recommended that the Court (1) dismiss Plaintiff's supervisory liability claims as to Defendants Bellamy, LaValley, and Fischer; (2) dismiss Plaintiff's state law negligence and medical malpractice claims as to all Defendants; and (3) deny Defendants' motion to dismiss in all other respects.  *See* Dkt. No. 75.  Upon review of the thorough and well-reasoned Report-Recommendation and Order, the Court finds that Magistrate Judge Treece did not clearly err in any of his recommendations.

Wherefore, the Court hereby

**ORDERS** that Magistrate Judge Treece's March 3, 2014 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 64) is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 31, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge